## THE AETNA IRON WORKS, Appellant, v. THE ST. LOUIS TRANSIT COMPANY, Respondent.

### St. Louis Court of Appeals, July 7, 1902.

Injunctive Relief: EVIDENCE: THREATENED INJURY. Where the evidence shows that the injury which plaintiff apprehends by the raising of a street to an ordinance grade without first paying the damages assessed, is not threatened, nor about to be inflicted, there is no occasion for injunctive relief, and a bill praying for same will be denied.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Leverett Bell* for appellant.

The appellant contends that its property can not be disturbed until it has been paid the damages arising out of the change of grade of the street (MacMurray

v. St. Louis, 138 Mo. 608); and that the respondent acquired, under ordinance 19352, the right to occupy Twenty-first street with its tracks at the grade established by ordinance 15119, and not at the surface of the ground or at any former grade of the street.

*Lon O. Hocker* and *Geo. W. Easley* with *Boyle, Priest & Lehmann* for respondent.

The ordinance changing the grade of the street will not go into effect until the compensation awarded the appellant has been paid. Until the new ordinance goes into effect, the grade will stand as it previously existed. Upon that grade the respondent has the right to lay its track.

BLAND, P. J.—We adopt the following statement of the case found in appellant's printed abstract.

"This was an application to the court below for an injunction to restrain respondent from laying its railway tracks in Twenty-first street southwardly from the south line of Papin street to the alley next south of Papin street, until appellant's damages assessed at $15,660.20, on November 6, 1899, in a certain case in the circuit court below, numbered 88765, entitled the City of St. Louis v. Nelson et al., are paid to it or into court for its use. The respondent duly answered and the case was tried on its merits on facts substantially as follows:

"The parties to the controversy are corporations' created by the law of this State. The plaintiff (appellant here) is a manufacturer of castings and wrought-iron work for buildings, and its factory is located on the southeast corner of Twenty-first street and Papin street in this city. It is a large brick structure extending to the lines of Papin street, Twenty-first and the alley next south of Papin street and parallel

therewith, and contain the machine shops, foundry, pattern shop, engine and boiler room, tramways, steam hoisting machinery, etc., and its dimensions are about 264 feet on Papin street from east to west, and 127 feet on Twenty-first street from north to south. It was erected in the year 1881, by the owner of the premises, the MacMurray-Judge Architectural Iron Company, a corporation then engaged in the business aforesaid. In 1893 the title, possession, and ownership of said premises passed from the MacMurray-Judge company to the appellant, in which premises the appellant, since 1893, has carried on and prosecuted the said business as successor of the said MacMurray-Judge company. Prior to 1893, and as far back as 1881, said business was carried on at said premises by the last-mentioned company.

"In the year 1871 the city passed an ordinance (7741) to improve certain streets, including Twenty-first street, Papin street and the alley aforesaid, and. the work was executed in that year, and sidewalks and gutters and curbing and roadways were built and laid, to which the building aforesaid, constructed in 1881, was adjusted. Subsequently, in 1889, the city adopted ordinance 15119, changing the grade of Twenty-first street, Papin street and the alley aforesaid to such an extent that at the northwest corner of the building, on Twenty-first and Papin streets, the grade by this ordinance is raised six feet above the grade existing at and prior to the passage of said ordinance, and at the intersection of the alley and Twenty-first street three feet, and at the east end of the building on the alley, two feet. Whenever the work of changing the grade as aforseaid is executed, appellant's premises will have to be raised and re-constructed to meet the same, and a large expenditure of money will be thrust on appellant, and its premises will be rendered worthless for business purposes during the period of re-construction.

The city, in 1891, constructed a permanent bridge along Twenty-first street across the steam railway tracks in the Mill Creek valley to carry the street traffic above the cars; the southern end of which bridge is at the north line of Papin street at grade on Twenty-first and Papin streets as fixed by ordinance 15119, and the southern approach to the bridge, not yet constructed, will conform to the grade of Twenty-first street adjacent to appellant's premises, as established by said ordinance 15119.

"On March 11, 1892, the MacMurray-Judge company instituted an action, numbered 87933, in the circuit court below against the city of St. Louis, in which on May 24, 1892, a temporary restraining order was entered enjoining the city from interfering with or changing the grade of Twenty-first street and Papin street adjoining the premises above described, as directed by ordinance 15119, until the damages accruing to the MacMurray-Judge company, the owner of the property, by reason of such change of grade are established and paid to said company or into court for its use, and afterwards said cause came on for trial and was heard by said court, and on May 15, 1895, said injunction was made final and perpetual, and on appeal to the Supreme Court of Missouri the same was, on April 3, 1897, in all things affirmed and is now in full force and effect; and all the rights and interest of the MacMurray-Judge company in said cause and judgment were, in 1893, duly assigned and conveyed to the appellant herein as the successor of said company in the ownership and possession of the property and business aforesaid.

"In 1893 the city of St. Louis instituted in said court below against the appellant and others an action under the statute in such cases made and provided, which action was entitled the City of St. Louis v. Nelson et al., numbered 88765, the purpose of which was

to have the damages to property-owners by reason of the change of grade prescribed by ordinance 15119 assessed, adjudged and determined, and in said proceeding appellant's damages were established at $15,660.20 and a judgment was entered therein in favor of appellant and against the city for said sum, on November 6, 1899, which said judgment, at the present day, remains wholly unpaid to appellant or into court for its use.

"The respondent is the assignee and successor of the Central Traction Company, a corporation, and by virtue of ordinance 19352, of date April 12, 1898, duly accepted by said traction company, it is constructing a double-track railway on Pine street from Twelfth street to Twenty-first street, thence south on Twenty-first street across the bridge to Chouteau avenue, and there connecting with its tracks on said avenue. It is provided by said ordinance that all tracks built under its terms shall conform to the grades of the streets established when ordinance 19352 took effect, or thereafter established."

Plaintiff offered evidence as follows:

"Arthur J. Judge . . . testified that he had lived in St. Louis since 1857 and had been connected with the MacMurray-Judge Architectural Iron Company; that said company built on the corner of Twenty-first and Papin streets, in 1881, and the structure then built, is standing to-day and is used for manufacturing ironwork; that the building is adapted to the employment of 185 men. In 1881 when it was constructed, Papin and Twenty-first streets were graded and improved with sidewalks, gutters and roadways, and were completed streets at that time and the building was constructed to conform and correspond with the said streets as they then existed and with the existing grade thereof. The building cost about $25,000 and the value of the ground was $10,000 and upwards, and down to

1893 the premises were used by the MacMurray-Judge company for manufacturing ironwork, and from 1893 to the present time for the same purposes by the Aetna Iron Works. From 75 to 100 men are now employed there. Twenty-first street was originally known as Mercer street. It extends from Chouteau avenue north across the Mill Creek valley, and in 1881 the street was at the natural surface of the ground. It was one of the principal crossings of the steam railway tracks in the valley, and the crossing was at grade. Now there is a bridge spanning the valley on which the street is carried overhead—above the cars. The bridge was erected according to a grade established by ordinance, which raised the street above the surface of the ground. At the corner of Papin and Twenty-first streets, the new grade raises the street seven feet and six inches. It is indicated by a mark on the plaintiff's building placed there by an employee of the street department. On the east corner of plaintiff's building on Papin street, the new grade corresponds with the old grade at that point. At the south end of the building on Twenty-first street, the new grade is three or four feet above the old grade, and at the east end of the building, on the alley, the new grade is two feet six inches above the old grade. There are two buildings on the ground; one is a foundry having all the cranes and cupolas and everything for casting iron; that is on the corner; then there is a driveway, and back of that is the machine shop, finishing shop, pattern shop, and another building, the engine house. It will be necessary, when the grade of Twenty-first and Papin streets is changed, to conform the buildings to the new grade; they will have to be raised, all openings will have to conform to the new grade, walls will have to be raised and put on stone foundations, and the machinery inside the buildings will have to be rearranged. It will require three months' time to make these

changes, during which no business can be carried on in the buildings. The witness said that he testified before the commission (referring to the commission in case 88765) and in his opinion plaintiff's damages were nearly double the amount ($15,660.20) allowed in that case. *Cross-examined,* the witness said that Twenty-first street to-day in front of the plaintiff's works is the same as when the buildings were built. The city has not made the new grade. If the street car tracks were laid at the original grade of Twenty-first street, plaintiff's business would not be obstructed, but if laid at the grade established by ordinance 15119, the new grade, plaintiff could not use the street at all. *Re-examined,* he said the bridge is a complete structure as far as the north line of Papin street, and it is built at the new grade up in the air, about eight or nine feet. The end of the bridge at Twenty-first and Papin streets, is to-day nine feet above the sidewalk at that point. It is built of stone and iron and a street railway company making use of the bridge for its tracks will have to have the southern approach to the bridge on which to lay their tracks and that will be in front of plaintiff's property and will obstruct the entrance to the property. At present the plaintiff makes use of Twenty-first and Papin streets at the old grade, to receive material and deliver completed work and this can not be done when the south approach to the bridge is built. The defendant has completed the switches in Chouteau avenue and built the tracks northwardly a few feet and on the bridge the poles are erected to support the electric wires for moving the cars, and material is distributed along the streets for the tracks. *Re-cross-examined,* witness said plaintiff's property on Twenty-first street extended south from Papin street, 124 feet and six inches; that a light carriage or bicycle might drive along Twenty-first street in front of plaintiff's property, on and over the bridge, but

not an electric car, he thought; it would be like driving up the bank of a river. Asked whether the defendant is changing the grade of Twenty-first street he said: 'It has not got up to that yet.'

"A. J. Judge, Jr., . . . said he was secretary and treasurer of plaintiff; that the Transit company has put in switches connecting the Twenty-first street tracks with the Chouteau avenue tracks and the tracks on Twenty-first street have been completed to the alley bounding plaintiff's property on the south, and from the northern end of the bridge the tracks are laid on Twenty-first street to Pine, and on Pine to Twelfth street. The poles are up on the streets named and on the bridge. The rails are distributed on the bridge and on Twenty-first street in front of plaintiff's property. The masonry at the southern end of the bridge as it stands to-day at Papin street is about ten feet above the old grade. *Cross-examined,* he said, there had been no actual change of the street surface in front of plaintiff's property on Twenty-first street.

"Carl Gayler . . . stated he was a civil engineer, in the employment of the city of St. Louis, a deputy street commissioner in charge of bridge work, and had held that position since 1875. The witness planned and supervised the construction of the Twenty-first street bridge, in the years 1890 to 1892. The bridge was intended to carry the street traffic across the Mill Creek valley above the cars and it conforms to the grade of Twenty-first street as established by ordinance 15119. It is a permanent structure, intended for all time, built of masonry, iron, wood and steel, and is completed to the north line of Papin street. There is to be constructed from the north line of Papin street southwardly to Chouteau avenue, a bridge approach, known as the south approach, on the grade established by ordinance 15119. The grade of Papin street will be raised to the grade

of ordinance 15119, so that one can pass over it at Twenty-first street. *Cross-examined,* Twenty-first street is used south of the bridge, at the present time, for vehicles to cross the bridge.

"It is admitted by counsel for defendant that the defendant, the St. Louis Transit Company, is in this matter the successor of the Central Traction Company."

Defendant introduced, as a witness, James Adkins, Jr., who testified:

"That he was assistant engineer of defendant in charge of the construction of the tracks in Twenty-first street; no tracks have been placed adjacent to the property described in the petition in Twenty-first street between Papin street and the alleys south of Papin; it is not proposed to alter the grade of Twenty-first street from its present actual grade; the rails are to be laid at the present actual surface and no grade in front of the property is to be altered; in this way we can operate cars over the bridge north and south. *Cross-examined,* the defendant does not propose to build its tracks in Twenty-first street at the grade established by ordinance 15119, but at the surface of the street as it exists to-day and without reference to said ordinance, and in order to operate the line the tracks will be built in Twenty-first street opposite the plaintiff's property at the surface of the street as it exists there to-day."

At the close of the evidence the court, on motion of defendant, dissolved the temporary injunction and dismissed plaintiff's bill at its costs. Plaintiff moved for a new trial which was denied and plaintiff appealed.

To lay the track on the present grade, Judge testified, would not interfere with plaintiff's business. The engineer of defendant testified that it was not the intention to raise the street to the grade as established

by ordinance, but to lay the track on the street in its present condition.

The injury which plaintiff apprehended, to-wit, the raising of the street to the ordinance grade without first paying the damages assessed is not, according to the evidence, threatened—nor about to be inflicted—and, hence there is no occasion for injunctive relief.

The judgment is affirmed. *Barclay* and *Goode*, *JJ.*, concur.